# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jamie Scott, individually and as Personal Representative for the Wrongful Death Estate of James Anthony Scott, | ) ) ) ) | |
| Plaintiff, | ) ) ) | **PROTECTIVE ORDER** |
| vs. | ) ) | |
| City of Bismarck, a Municipal Corporation; Dan Donlin, in his individual and official capacity as Chief of Police for the City of Bismarck; Shaun Burkhartsmeier, in his official and individual capacity; John Does 1-5, in their individual and official capacities, | ) ) ) ) ) ) ) ) ) | Case No. 1:17-cv-059 |
| Defendants. | ) | |

The court issues the following as its Protective Order:

1. As used in this Protective Order, the following terms shall have the following meanings *unless the context clearly provides otherwise*:

   a. "Attorney(s)" shall mean an attorney of record for a party.

   b. "Party" includes its attorneys of record.

   c. "Protected Material" means all documents, testimony, or other information that have been marked or designated as being Confidential or Protected Material in the manner provided for by this Protective Order, including copies or other reproductions of any material so marked or designated.

   d. "Termination of the Litigation" shall mean the entry of a final, non-appealable dismissal or judgment.

1

e. "Written Assurance" means the executed document attached as "Exhibit A."

2. Any party may mark or designate as Confidential or Protected Material any documents, testimony, or other information produced or generated during this litigation that the party in good faith reasonably believes is properly the subject of a protective order under the Federal Rules of Civil Procedure because it contains: (i) trade secrets or other proprietary or commercially sensitive information the dissemination of which has a significant likelihood of causing damage to a party's business; (ii) material that is required to be kept confidential under federal or state law, except when disclosed for a permitted litigation purpose; or (iii) personal information the disclosure of which would constitute an unwarranted invasion of privacy or cause the party to suffer undue and unwarranted embarrassment. The mere desire to keep material private is not enough. Any party who lacks a good faith reasonable belief that the documents, material, or other information is eligible to be treated as Protected Material or otherwise abuses this Protective Order is subject to sanction by the Court.

3. Protected Material that has been marked or designated by a party in accordance with this Protective Order may only be used by the other parties for purposes of this litigation and no other purposes. The other parties shall keep the Protected Material confidential, except that Protected Material may be disclosed to:

    a. attorneys of record in this action who by their appearance are bound by this Protective Order;

    b. attorneys representing a party who are not an attorney of record if they have executed the Written Assurance;

    c. the following persons from the City of Bismarck if they have executed the Written

    Assurance: City management department heads involved with monitoring this litigation, the mayor, chief executive officer, city auditor, and city council members (or the equivalent), and attorneys at the City Attorney's Office;

d.  the claims adjustor and claims manager(s) for any insurance carrier or risk-sharing pool providing liability coverage to the City of Bismarck in this action if they have executed the Written Assurance;

e.  employees of attorneys of record or those providing contract services to the attorneys of record, but only if the employees or contractors have executed the Written Assurance and subject to the condition that the attorneys of record are responsible and liable for their noncompliance with this Protective Order;

f.  to experts or consultants retained for purposes of the litigation if they have executed the Written Assurance;

g.  to witnesses and prospective witnesses, but only to the extent necessary for their testimony or the preparation for their testimony and only if they have executed the Written Assurance;

h.  any privately engaged stenographic recorder;

i.  the court and court personnel; and

j.  any other persons separately agreed to by the parties in writing or as ordered by the court, provided they have executed the Written Assurance.

An exception to these requirements is Protected Material that has been designated by a party for the benefit of another party because the designating party is attempting to comply with confidentiality requirements imposed by law or anticipates that the other party is desirous of the designation. An

example is where the designating party discloses confidential medical or employment information of another party. In such an instance, the party for whose benefit the designation of Protected Material is being made is not bound by the provisions of this Protective Order in terms of its handling or use but the party designating the Protected Material is bound.

4. If a party desires to claim information discussed during a deposition as Protected Material, the party may designate the appropriate portions of the deposition transcript by page and line number as Protected Material provided that the party does so within thirty (30) days following receipt of the deposition transcript and serves the designation upon the other parties.

5. **If a party desires to file any deposition testimony, deposition exhibit, discovery request or response, affidavit, motion, brief, or other document that includes, incorporates, or quotes specific Protected Material, it shall follow the court's requirements and procedures for filing under seal unless the court orders otherwise.**

6. Any party desiring to use Protected Material during the trial must first seek permission from the court. The sealing of a trial record or closure of trial proceedings involves a number of considerations that are not presently before the court and will be dealt with at that time.

7. Inadvertent or unintentional production of Protected Material by a party claiming confidentiality shall not be deemed a waiver in whole or in part of that party's claim of confidentiality unless the Court orders otherwise upon motion by any party.

8. Once material has been marked or otherwise classified as Protected Material it shall remain Protected Material until all of the parties agree in writing or the Court specifically orders otherwise. Any party may challenge a designation of Protected Material by filing a motion with the Court, but only after first attempting to resolve the matter with the other parties. The party claiming

the benefit of the designation of Protected Material has the burden of persuasion.

9. Any party who has been provided with Protected Material marked or designated by another party or who has itself marked or designated the Protected Material for the benefit of another Party, shall, no later than sixty (60) days following Termination of the Litigation, (i) destroy the Protected Material or (ii) return it to the party marking or designating the Protected Material or the party whose benefit it has been so marked or designated if that party has previously demanded in writing that it be returned instead of being destroyed. An exception is that the attorneys for the parties may retain Protected Material in one set of archival records for this action but subject to the court's continued jurisdiction and the requirements of this Protective Order.

10. Any Written Assurances obtained by a party pursuant to this Protective Order from those to whom Protected Material has been provided, as well as any written confirmations of destruction of the Protected Material, shall be retained by the party for a period of not less than six (6) years following the Termination of the Litigation unless copies have been provided to the other parties of record. Failure of a party to maintain these documents or obtain back the Protected Material or written confirmation of its destruction are grounds for sanction. Upon Termination of the Litigation, any party may within (30) thirty days request of another party that it provide copies of all Written Assurances and confirmations of destruction that have been obtained and copies shall be provided unless the objecting party obtains an order from this Court that the documents do not have to be provided.

11. Information provided by third persons or entities may be designated as "Protected Material" by agreement of the parties or by further order of this Court and the provisions of this Protective Order shall apply to the Protected Material as appropriate.

12. If any party or person who is subject to the terms of this Protective Order is served with a subpoena, process, or court order from a court of competent jurisdiction requiring disclosure of the Protected Material, the party or other person must:

    a. notify the court in whose name the subpoena, process, or order is issued of the existence of this Court's Protective Order;

    b. make a reasonable effort to promptly notify the party who designated the material as Protected Material and/or who is the subject of the Protected Material of the subpoena, process, or other court order;

    c. not turn over the Protected Material, except pursuant to an order of this Court, an order of a court of competent jurisdiction specifically requiring that the Protected Material be turned over or disclosed notwithstanding this Court's Protective Order, or the agreement of the party who is the subject of the Protected Material or for whose benefit the Protected Material designation was made.

13. The terms of this Protective Order shall survive the dismissal or other termination of this action. The Court retains jurisdiction over the subject matter of this Order, as well as the parties and other persons and entities provided with Protected Material under this Order, to the extent required to resolve any disputes with respect to the Order or otherwise enforce its provisions, including imposition of any sanctions for noncompliance.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2017.

                                           */s/ Charles S. Miller, Jr.*
                                           Charles S. Miller, Jr., Magistrate Judge
                                           United States District Court

# EXHIBIT A
# WRITTEN ASSURANCE

I, _____ , do hereby declare that:
(printed or typewritten name)

I reside at _____ in the City of _____, County of _____, State of _____ . My telephone number is _____.

I have been provided a copy of, read, and understand the terms of the Protective Order dated March 9, 2016, filed in Case No. 1:17-cv-059, <u>Jamie Scott v. City of Bismarck, et al.</u> pending in the United States District Court for the District of North Dakota.

I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions imposed by the Court, including being held in contempt of court and the possibility of imprisonment.

I agree not to not divulge any documents or other information designated "Confidential" or "Protected Material" (herein Protected Material) that has been provided to me, including the contents thereof, except as required for my involvement in this action and then only to the party, an attorney for the party, or such other persons that the party or attorney for the party may direct and that are otherwise persons eligible to receive the Protected Material under the Protective Order and who have executed a Written Assurance.

As soon as I no longer have reasonable need to use the Protected Material for purposes of the above action, but not later than 30 days after dismissal of the action by stipulation or by an order of dismissal (and even though there might be an appeal), I shall return the Protected Material to the attorney from whom I have received it, along with all copies, excerpts, summaries, notes, digests, abstracts, and indices related to the Protected Material, or, if instructed to do so by the attorney or party providing the Protected Material, destroy it and confirm in writing that I have destroyed it. In addition, I understand that my obligation to keep confidential the contents of the Protected Material extends beyond my return or destruction of it.

I submit myself to the jurisdiction of the United States District Court for the District of North Dakota for the purpose of its enforcement or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on _____         _____
              (Date)                                                                  (Signature)